UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAULA J. KARAS,                        :
            Plaintiff,                 :
                                       :
    v.                                 :      CA 11-164 M
                                       :
STATE OF RHODE ISLAND,                 :
            Defendant.                 :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court the is the "Motion to proceed under Informa Pauperis" (Docket ("Dkt.") #2) ("Motion to Proceed IFP" or "Motion") filed by Plaintiff Paula J. Karas ("Plaintiff"). Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Background**

On April 19, 2011, Plaintiff filed her Complaint (Dkt. #1) and Motion to Proceed IFP. The Motion also included a request that the Court appoint counsel, see Motion, which the Court indicated would be treated as a motion to appoint counsel, see Order Directing

Plaintiff to Answer Questions and to File Amended Complaint (Dkt. #3) ("Order of 4/27/11") at 1. Attached to the Motion was an Application to Proceed without Prepayment of Fees and Affidavit ("Application"). The Motion was referred to this Magistrate Judge.

Upon examining the Application, the Court determined that it was not complete in that Plaintiff had failed to answer questions 2.b., 4., and 8.[1] The Court, therefore, directed Plaintiff to submit by May 18, 2011, a supplement to the Application which answered these questions. See Order of 4/27/11 at 7.

The Court also advised Plaintiff that her Complaint failed to comply with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) in that it did not contain a short and plain statement of her claim showing that she is entitled to relief. See id. at 2. The Order of 4/27/11 set forth the allegations which the Court, applying a generous reading to Plaintiff's pro se pleadings, was

---

[1] The questions not answered by Plaintiff on the Application were:

2.b. If the answer [to the question "Are you currently employed?"] is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period, and the name and address of your last employer. Also, please explain how you have been supporting yourself.

4. List anyone who helps support you or shares support in any way and describe the type and amount of such support for the last twelve months. If no one, write "NO ONE."

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you actually contribute to their support. Please list minor children by initials only.

Application to Proceed without Prepayment of Fees and Affidavit ("Application").

2

able to discern from the Complaint and the other documents filed with it. See id. at 3-6. Concluding that the allegations were confusing and raised numerous questions, the Court directed Plaintiff to file a "First Amended Complaint," id. at 6, and instructed her to provide specific information which would explain the confusing circumstances the Court had identified in the Complaint. See id. at 6. The Court also specified that the First Amended Complaint ("Amended Complaint") be double-spaced,[2] that the allegations be stated in separately numbered paragraphs, that the Amended Complaint be a complete document in itself, and that it state plainly the basis for Plaintiff's claim and the relief she is seeking. Id.

**Discussion**

Plaintiff has filed neither the supplement to the Application nor the Amended Complaint and has, thus, failed to comply with the Order of 4/27/11. Indeed, she has sent a letter to the Clerk of this Court stating that her position is the case should not be dismissed[3] "due to mere and frivolous questions be[ing] un answered

---

[2] The District of Rhode Island Local Rules ("DRI LR") require that "all documents shall be double-spaced ...." DRI LR Cv 5(a)(3). Plaintiff's pro se status does not excuse her from complying with procedural rules. See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)("pro se litigants are not exempt from procedural rules"); Instituto de Educacion Universal Corp. v. U.S. Dep't of Education, 209 F.3d 18, 24 n.4 (1st Cir. 2000).

[3] The final sentence of the Order Directing Plaintiff to Answer Questions and to File Amended Complaint (Dkt. #3) ("Order of 4/27/11") advised Plaintiff that if she failed to comply by May 18, 2011, this Magistrate Judge would recommend that her Motion to Proceed IFP be denied

3

[sic] as a preponderance of the evidence was met in this civil rights case in regards to my indigence status as an affidavit of indigence was put into evidence and an accompanied wage document evidence from the Social Security Administration." Letter from Plaintiff to Clerk of 5/6/11. Plaintiff also notes in her letter that she had applied for a court appointed attorney and that such "an attorney ... would file a motion for a court order for the State of Rhode Island to justly seek injunctive relief for plaintiff and victim in this case." Id. Plaintiff concludes her letter by stating that she will be filing a motion in the near future for the Court to "reconsider its decision in my case ...." Id.

It was the Court's intent to address Plaintiff's motion to appoint counsel after she filed her Amended Complaint because it was not possible to determine the merits of her case based on her original Complaint. See Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986)("Once the merits of the claim are considered and the district court determines the claim is colorable, appointment of counsel may or may not be called for, depending on a variety of other factors."). Indeed, Plaintiff's Complaint was so unclear that the Court was unable to understand it sufficiently to complete

---

and that the action be dismissed. See Order of 4/27/11 at 7.

the analysis required for determining whether to appoint counsel.[4] Were this Magistrate Judge to make the determination based on the original Complaint, the motion for appointment of counsel would be denied because Plaintiff's pleadings do not demonstrate that her claim has merit. Cf. Gumm v. Bexar County, No. Civ.A. SA05CA0521NN, 2006 WL 2715342, at *2 (W.D. Tex. Sept. 26, 2006) ("the record is too sketchy at this point to determine whether plaintiff's claims have merit, and this factor weighs against appointing counsel"); Lexvold v. Intown Suites, No. SA 06 CA 0673 XR, 2006 WL 2329419, at *2 (W.D. Tex. Aug. 10, 2006)(denying plaintiff's request for appointment of counsel because, among other reasons, "[a]t this early juncture in the case, there is insufficient information to determine if plaintiff's complaint has

---

[4] There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998)("This being a civil case, there is no constitutional right to counsel and the statutory authority is discretionary.")(internal citation omitted). Plaintiff must demonstrate that exceptional circumstances are present such that a denial of counsel is likely to result in fundamental unfairness impinging on her due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986)(citing courts which have held that "an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel").
    To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on, among other things, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. DesRosiers v. Moran, 949 F.2d at 24; see also Gadson v. Concord Hospital, 966 F.2d 32, 36 (1st Cir. 1992)("Any one of the three factors may be determinative."); Cookish v. Cunningham, 787 F.2d at 2 ("Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it.").

merit").

Plaintiff's assertion that the questions which the Order of 4/27/11 required her to answer are "frivolous," Letter from Plaintiff to Clerk of 5/6/11, is rejected. With regard to the Application, the questions not answered bear directly on the issue of whether or not she is indigent. Cf. Napper v. Wong, No. 09-56245, 2011 WL 809195, at *1 (9th Cir. Mar. 9, 2011)(holding that district court did not abuse its discretion by denying plaintiff's IFP request because he failed to complete two questions on his IFP application concerning his financial capabilities and the district court was unable to determine whether he was eligible for IFP status); Lewis v. Ball Automotive Group, No. 10cv2297 BEN (WVG), 2010 WL 5056023, at *1 (S.D. Cal. Dec. 6, 2010)(denying plaintiff's motion to proceed IFP where, among other omissions, "[p]laintiff does not indicate whether he is employed; rather he states that the question is not applicable"). With regard to the questions in the Order of 4/27/11 pertaining to the Complaint, they were intended to assist Plaintiff in addressing the deficiencies in her pleading. Cf. Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980)(affirming dismissal of pro se plaintiff's complaints where "the magistrate's report alerted [plaintiff] to the deficiencies in her allegations"). Plaintiff's refusal to file an Amended Complaint leaves her original Complaint as the operative pleading, and it

fails to satisfy the requirements of Rule 8(a).[5]  Accordingly, in light of these circumstances and Plaintiff's failure to comply with the Order of 4/27/11, I recommend that the Motion be denied and that the Complaint be dismissed.

## Conclusion

For the reasons stated above, I recommend that the Motion to Proceed IFP be DENIED and that the action be DISMISSED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[5] The United States Supreme Court has stated:

> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009)(second alteration in original)(case citations omitted).

<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
May 25, 2011